## 11341

### BANK OF PARKSVILLE v. DORN
### BANK OF PARKSVILLE v. McDANIEL

#### (120 S. E., 72)

TRIAL—WITNESSES—DEFENDANT'S TESTIMONY AS TO STATEMENTS INCONSISTENT WITH TESTIMONY OF PLAINTIFF'S CASHIER ADMISSIBLE TO IMPEACH, BUT NOT AS SUBSTANTIAL EVIDENCE.—In an action by a bank that had purchased notes alleged to have been obtained by payee's fraudulent misrepresentations, defendant maker could testify as to statements made by cashier, contradicting cashier's testimony that bank had no notice of payee's fraud, but such testimony could be used merely as affecting credibility, and not as substantial evidence of notice.

Before TOWNSEND, J., Edgefield and McCormick, October, 1922. Reversed.

Separate actions by the Bank of Parksville against E. B. Dorn, and W. McDaniel. Judgment for defendants and plaintiff appeals.

*Messrs. W. K. Charles, Ross & Owens, Sheppard Bros. and Grier & Park,* for appellant, cite: *Declarations of agent after closing transaction are not evidence against principal:* 19 S. C., 373; 56 S. C., 145; 26 S. C., 101; 27 S. C., 63; 62 S. C., 128; 53 S. C., 448; 84 S. C., 190; 104 S. C., 216; 103 S. C., 270; 108 S. C., 198; 101 S. C., 450; 11 Rich. L., 367; 5 S. C., 358. *To charge bank with notice of infirmities in a note it must have notice of the infirmity itself not suspicion:* Neg. Inst. Act. Sec. 56; 97 S. C., 54; 91 S. C., 456; 78 S. C., 531; 918 S. C., 456. *Improper defenses to suit for stock subscription:* 120 S. C., 139; 120 S. C., 158. *When holder presumed to be holder for value:* 91 S. C., 307; 28 S. C., 143; 87 S. C., 76.

*Messrs. J. Wm. Thurmond and S. McG. Simkins,* for respondents, cite: *Admissions by officers of bank as to fraud in procuring notes admissible:* 12 Rich. L., 650; 19 S. C., 373; 79 S. C., 447; Story Agency Sec. 134; 2 McC., 243; 92 S. C., 151. *Maker not bound by fraudulent contract:* 118 S. C., 368; 8 A. & E. Enc. L., 791; 97 S. C., 52; 91 S. C., 562. *Whether contract of purchase was signed was for the jury:* 115 S. C., 381. *And whether obtained by fraud:* 72 S. C., 360; 3 R. C. L., 946. *When want of consideration may be shown:* Neg. Inst. Act, Sec. 28; 121 S. C., 437; 6 R. C. L., 683; 13 S. C., 328; 97 S. C., 203; 27 S. C., 380; 121 S. C., 437. *No specific performance of contract for personal property:* 22 A. & E. Enc. L., 989; 2 Story Eq. Jur., Sec. 716, 749; 55 L. R. A. 393; 74 Wis., 591. *Declarations within scope of employment binding:* 115 S. C., 436. *Evidence admissible on allegations allowed to remain in answer:* 112 S. C., 63; 60 S. C., 381; 70 S. C., 8. *Fraudulent representations that will avoid stock subscription:* 120 S. C., 132; 1 Cook Corp. (2d Ed.), Sec. 145. *Where suspicion is knowledge:* 8 C. J., 499; 164 Mo., 195.

November 14, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

These two cases were heard together, and involve the same questions of law and fact materially. The statement of facts in the Dorn Case will be adopted. That statement is:

"On the 15th day of July, 1920, the defendant, E. B. Dorn, purchased from the Fisheries Products Company 167 shares of its common stock, and at the same time he delivered to the sellers of the stock his two notes of date July 15, 1920, for $1,245 and $1,260, respectively. The notes are payable 'to the order of myself,' and are indorsed by the maker, E. B. Dorn. The agents of the Fisheries

Products Company 7 days afterwards, to wit, July 22, 1920, sold these notes to plaintiff, Bank of Parksville, and Bank of Parksville issued to Fisheries Products Company its certificate of deposit in payment of the purchase price of the said notes. The certificate of deposit matured on September 22, 1921. When the certificate of deposit fell due it was presented to the bank for payment by National City Securities Corporation. The certificate bore the indorsement of Fisheries Products Company, and an order of National City Securities Corporation, making it payable to Battery Park National Bank. National City Securities Corporation had other certificates of deposit issued by this bank, and the bank was unable to pay the same, and at maturity of the certificates gave its note to the National City Securities Corporation in payment of the certificates of deposit. When the defendant's notes fell due he refused to pay the same, and in July, 1921, this suit was brought for the purpose of enforcing payment of the notes.

"The defendant denied the material allegations of the complaint and set up as a defense that Fisheries Products Company had obtained the notes from him by making to him certain false representations and guarantees in connection with the purchase of the stock, and alleged that the plaintiff was not an innocent holder of the said notes for value, but that it had knowledge of the fraudulent representations at the time it purchased the notes.

"The case was called for trial before his Honor, W. H. Townsend, and a jury, at the 1922 spring term of Court, and resulted in a verdict for the defendant. From this judgment and verdict the plaintiff now appeals upon the several assignments of error set up in the exceptions."

The exceptions, 15 in number, may be divided into the following general heads: "Exceptions to Testimony," "Exceptions to Charge," and "Motion to Direct a Verdict as Asked for on Part of Appellant."

Exception 1 is overruled. When W. P. Park, the cashier, was being cross-examined, it was proper to ask him whether or not he had made certain statements, and, when he denied making these statements, to contradict him, so as to affect his credibility, but respondents could not be allowed to prove, by way of contradiction of this witness, certain declarations alleged to have been made by the witness after the purchase of the notes by the bank. .

The testimony of Dorn, where he was allowed to testify as to alleged declarations of the cashier, Parks, and also as to alleged declarations of the president, Blackwell, after the purchase of the notes. The only evidence in the case adduced to show notice was the declarations of these officers, which could only be used in contradicting and not as substantial evidence.

The motion made by the appellant before Judge Townsend should have been granted. It is the judgment of this Court that the judgments of the Circuit Court be reversed, and that the causes be remanded to the Circuit Court, that judgment may be entered up in both cases in favor of the plaintiff appellant against the respondents under rule 27 (90 S. E., xii).

Reversed.